HOLLOMAN, Appellee,

v.

HOLLOMAN, Appellant.

[Cite as *Holloman v. Holloman* (1993), 91 Ohio App.3d 279.]

Court of Appeals of Ohio,
Montgomery County.

No. 13887.

Decided Oct. 27, 1993.

*Rose & Dobyns* and *Herman G. Cartwright,* for appellee.

*Charles W. Mahan,* for appellant.

FREDERICK N. YOUNG, Judge.

The appellant, Chesley Holloman, appeals from a withholding order issued by the Montgomery Court of Common Pleas, Domestic Relations Division, requiring that his alimony payments to Janet Holloman, the appellee, be deducted from his monthly United States Civil Service pension check, rather than paid directly to the Child Support Enforcement Agency by him.

The withholding order allowed for an additional service fee to be deducted from his pension check, to offset the withholding agency's costs in making the monthly deduction. The imposition of this additional fee, the appellant argues, is a modification of the terms of his alimony obligation, and is improper because the court had failed to retain jurisdiction over the alimony award, and because the court had failed to provide notice that he would be entitled to a hearing on the withholding order.

## I

The marriage of Chesley and Janet Holloman was dissolved January 23, 1985. The dissolution decree incorporated the parties' separation agreement, which provided that Mr. Holloman would pay to Ms. Holloman a monthly amount in

alimony, until Ms. Holloman remarried, died or set up a conjugal relationship with another. No withholding order was made by the court at that time; Mr. Holloman made the monthly payments to the Child Support Enforcement Agency himself.

On December 7, 1992, after Mr. Holloman had retired from the United States Civil Service, Ms. Holloman moved the court for an order to have her alimony withheld from the United States Civil Service and paid directly to the Montgomery County Child Support Enforcement Agency.

When Mr. Holloman received notice of Ms. Holloman's motion, he communicated with the court to see whether this matter should be set for a hearing, or how he should respond to the motion. The court did not reply, and did not inform him that he would be entitled to a hearing on the matter. Subsequently, on January 11, 1993, the court issued its withholding order. The order provided that $714 would be deducted from Mr. Holloman's federal pension check each month, in addition to the usual fee to cover the processing costs of the child support enforcement agency, and a fee to cover the withholding agency's costs in making the required deduction. The newly imposed withholding fee amounts to $7.14 per month. The payment amount was to be forwarded to the child support enforcement agency for distribution to Ms. Holloman. As it was apparent that Mr. Holloman had been diligent in making his monthly alimony payments to the child support enforcement agency, no arrearages were found due.

The withholding order does not increase the amount of money received by Ms. Holloman each month, but the imposition of the withholding agency's new fee does cost Mr. Holloman an additional $7.14 each month. This additional fee, Mr. Holloman urges, modifies his alimony obligation when the court had not expressly retained jurisdiction to modify the alimony agreement, and so he brings this appeal.

## II

Mr. Holloman's first assignment of error states:

"The trial court erred when it issued an order without having jurisdiction to issue such an order."

His second assignment of error states:

"The trial court erred to the prejudice of respondent-appellant by issuing the withholding order without a prior finding of contempt against the respondent-appellant."

His third assignment of error asserts:

"The trial court erred to the prejudice of respondent-appellant by issuing the withholding order more than seven and one-half years after entering the final decree of dissolution of marriage."

Each of these assignments of error essentially challenges the power of the trial court to issue a withholding order to enforce the alimony agreement in the Hollomans' dissolution decree. In the interests of judicial economy, we will consider them all together.

Despite Mr. Holloman's protests to the contrary, we are not here concerned with whether the trial court had jurisdiction to modify Mr. Holloman's alimony obligation, but with whether the court had jurisdiction to issue a withholding order in this case. We agree with Mr. Holloman that had the court attempted to modify his alimony agreement, it would have lacked jurisdiction to do so.[1]

We are satisfied that the court did have jurisdiction to issue a withholding order to enforce the alimony award in this case, even absent a prior finding that Mr. Holloman was in default on his obligation to pay alimony, based on our examination of R.C. 3113.21. We also find it apparent from R.C. 3113.21 that the legislature never intended that a withholding order would be treated as a modification of an alimony award, but only as a means of enforcing or easing the administration of that award.

The current version of R.C. 3113.21(B)(2) authorizes the obligee or the obligor of a support or alimony order to "file a motion with the court that issued the order requesting the issuance of one or more orders as described in division (D) of this section to pay the support due under the order." Pursuant to R.C. 3113.21(B)(4), such motions may be made for "a support order issued *before*, on, or after December 1, 1986." (Emphasis added.) Thus, the fact that the Hollomans' dissolution decree was made in January 1985 presents no obstacle to the applicability of the current version of R.C. 3113.21.

Mr. Holloman augments his argument that the current version of R.C. 3113.21 cannot apply to his 1985 dissolution decree by asserting that he has never been found guilty of contempt. It is true that Mr. Holloman has been at all times perfectly honorable in meeting his obligation to pay alimony. However, the statute authorizes a motion for a withholding order without reference to whether the obligor has been in default under an alimony order, though an investigation will be made to determine whether there has been any default, and whether there

---

1. See *McClain v. McClain* (1984), 15 Ohio St.3d 289, 15 OBR 421, 473 N.E.2d 811, which construed the incarnation of R.C. 3105.65(B) in effect at the time the Hollomans' dissolution decree was entered, and which limited *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413, to orders of alimony in cases of divorce only, mere days before the entry of the Hollomans' dissolution decree.

are any arrearages due, before the order moved for is made. See R.C. 3113.-21(B)(3)(a).

In arguing this point, Mr. Holloman seems to rely heavily on R.C. 3113.-21(B)(3)(a)(i) and (ii), which do authorize withholding orders in the event that the obligor has been in default under an alimony order. But a third subdivision of the same division (B)(3)(a) authorizes withholding if:

"(iii) The obligor or the obligee, pursuant to division (B)(2) of this section, files a written motion with the court requesting the issuance of one or more orders described in division (D) of this section."

Accordingly, whether Mr. Holloman has failed in his duty to pay Ms. Holloman alimony is not relevant to whether she can successfully move for a withholding order.

Nor is it of any consequence that the court had never issued a withholding order in this case, though the decree of dissolution was some seven and one-half years old. R.C. 3113.21(B)(4) contemplates that an obligor or obligee may request one of the orders provided for in division (D) though none had ever been issued before. Moreover, R.C. 3113.21(B)(2) states "[t]he motion may be filed at any time after the support order is issued.". The statute provides for no defense based on delay to an obligor's or an obligee's motion for a withholding order.

■ Notwithstanding the statute's silence on the timeliness issue, Mr. Holloman has raised a laches defense to Ms. Holloman's motion. The Supreme Court has recently revisited the laches doctrine. "The elements of a laches defense are '(1) [unreasonable] delay or lapse of time in asserting a right, (2) absence of an excuse for such a delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.' *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 403, 16 OBR 469, 472, 476 N.E.2d 683, 688." *State ex rel. N. Olmsted Fire Fighters Assn. v. N. Olmsted* (1992), 64 Ohio St.3d 530, 536–537, 597 N.E.2d 136, 142.

The first element is unsatisfied because Ms. Holloman asserted her original right to relief in the separation agreement, which became part of the dissolution decree in 1985. What she has asserted in her withholding order is a right of enforcement, and R.C. 3113.21(B)(2) states that such a "right" may be asserted "at any time after the support order is issued."

The second and third elements of laches require a showing that the party against whom the defense is raised has inexcusably delayed asserting her right, though she had actual or constructive knowledge of the wrong or injury for which she now seeks redress. As Mr. Holloman emphatically points out, Ms. Holloman had no cause to complain of any injury from him, because he faithfully met his alimony obligation each month. Further, while Ms. Holloman is permitted by

statute to seek a withholding order, she was never obligated to do so. There has been no inexcusable delay therefore.

Finally, Mr. Holloman has failed to demonstrate how he has been prejudiced by the entry of a withholding order more than seven years after the entry of the dissolution decree. In fact, it appears to this court that he has benefitted from the delay, since it has meant that for that length of time he has not been required to pay the very withholding fee he complains of now. There is no statutory time bar to a motion for a withholding order under R.C. 3113.21, and Mr. Holloman has not successfully asserted a laches defense.

■ Under his first assignment of error, Mr. Holloman argues that the court's withholding order effectively modifies his alimony agreement, in large part because it permits the agency that distributes his pension checks to deduct a fee to cover its costs in complying with the order. This fee deduction is authorized by R.C. 3113.21(D)(4)(c), which states, "[t]he order issued by the court also shall indicate that the person paying or otherwise distributing the obligor's income may withhold a fee from the obligor's income as a charge for its services in complying with the order and shall specify the amount that may be withheld."

There is no provision in the section for a hearing on the propriety of imposing such a fee. The section does not provide for a defense to it. There is no provision for any inquiry into the financial circumstances of either party, as there typically is when a modification is moved for under R.C. 3105.18. Rather, the court issuing a withholding order is required to inform the withholding institution that it may, at its option, withhold a fee to offset its costs in complying with the order, the amount to be limited by Section 303(b) of the "Consumer Credit Protection Act," Section 1673(b), Title 15, U.S.Code. R.C. 3113.21(D)(4)(a). From the face of the statute, it appears that the legislature did not contemplate that the imposition of such a fee was a modification of a support award.

There is also a suggestion in Mr. Holloman's brief that the terms of the alimony agreement call for a reduction in the amount of the monthly payment since Mr. Holloman has retired. This issue has not been adequately briefed, and the trial court has apparently not passed on it in the judgment Mr. Holloman appeals from. Furthermore, any review of the issue would require us to examine the dissolution decree, which has not been made a part of the record in this appeal. Consequently, we do not reach this issue.

The appellant's first, second, and third assignments of error are overruled.

## III

The appellant argues in his fourth assignment of error that:

"The trial court erred to the prejudice of respondent-appellant by issuing the withholding order pursuant to § 3113.21(D)(1) encumbering his United States Civil Service retirement."

■ The appellant argues that his federal retirement benefits are not properly subject to a withholding order under R.C. 3113.21 because they are not "personal earnings" as provided in R.C. 3113.21(D)(1). He presents us with a rather disingenuous sort of argument: while it is true that division (D)(1) does not describe federal retirement benefits as assets subject to a withholding order, there are four other divisions in the section describing the sorts of assets potentially subject to a withholding order.

Federal pension benefits fall under division (D)(4)(a): "If the court or child support enforcement agency determines that the obligor is receiving any form of income, including, but not limited to, disability or sick pay, insurance proceeds, lottery prize awards, federal, state, or local government benefits to the extent that the benefits can be withheld or deducted under any law governing the benefits, * * * the court may issue an order requiring the person who pays or otherwise distributes the income to the obligor to withhold from the obligor's income a specified amount for support in satisfaction of the support order." The appellant's federal civil service pension is certainly subject to a withholding order to satisfy his alimony obligation to Ms. Holloman.

The appellant's fourth assignment of error is without merit and is overruled.

## IV

In his fifth assignment of error, the appellant contends:

"The trial court erred to the prejudice of respondent-appellant by issuing the withholding order without first complying with § 3113.21(B)(3)(b)(iii)."

■ Finally, Mr. Holloman argues that the withholding order should be vacated in this case because he was never given a prior hearing to demonstrate why the order should not issue. He refers us to R.C. 3113.21(B)(3)(b)(iii), saying that he was not given the required prior notice, and so was denied a right to request a hearing, or to object to the propriety of the withholding order as drafted.

We note that Mr. Holloman did receive notice of Ms. Holloman's motion before the order prayed for was made. We note further that this case involved no issue of arrearages, or default, because Mr. Holloman was faithful and diligent in making his payments to Ms. Holloman each month. R.C. 3113.21(B)(3)(b)(iii) makes a hearing available to the respondent only in cases involving default of

payments, or arrearages. Because this case involved neither, Mr. Holloman was entitled to no hearing on the matter.

The appellant's fifth assignment of error is overruled.

The order of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.