Plaintiff-appellant Easter Stanley and defendant-appellee Frank Stanley were divorced in September 1995. In the divorce decree, Mr. Stanley was ordered to pay "alimony of $300.00 per month (first payment due October 1, 1995) unless and until [Ms. Stanley] remarried [sic] or resides with another male, other than family." On August 14, 1997, Ms. Stanley moved the trial court to require Mr. Stanley to make his spousal-support payments through the Lawrence County Child Support Enforcement Agency (CSEA) to ensure that Mr. Stanley would pay the right amount, in a timely manner.
After a hearing, a magistrate concluded that Mr. Stanley's spousal-support payments should be made through the CSEA. The magistrate ordered that these support payments were to be withheld from Social Security payments received by Mr. Stanley. Also, the magistrate ruled that Ms. Stanley would be responsible for a $6 administrative fee, or poundage, to the CSEA, thus reducing her monthly amount received to $294.
Both parties filed objections to the magistrate's decision. On November 12, 1997, the trial court overruled the magistrate. The court concluded that it did not have jurisdiction to direct spousal-support payments through the CSEA and held that future support payments should be made in accordance with the parties' divorce decree. In other words, Mr. Stanley could make his spousal-support payments directly to Ms. Stanley. There would be no withholding of money or an administrative fee for the CSEA.
Ms. Stanley now appeals the trial court's decision. In her sole assignment of error, she argues that the trial court erred in holding that it did not have jurisdiction to order Mr. Stanley's spousal-support payments to be made through the CSEA. She argues that a withholding order can be entered against Mr. Stanley and that Mr. Stanley, not she, should pay any administrative fees for the CSEA. We agree.
To begin, we address an argument by Mr. Stanley that this appeal should be dismissed because of "repeated violations of rules and orders" on Ms. Stanley's part. Ms. Stanley was originally a pro se appellant. While she was still pro se, we penalized her by denying her an oral argument for her failure to timely prosecute the appeal.[1] After counsel entered his appearance for Ms. Stanley, we gave her an extension of time to file an appellate brief. This brief was filed two days late. Mr. Stanley points to these violations (and to Ms. Stanley's failure to serve on opposing counsel a motion to supplement the record) as reasons why we should dismiss this appeal.
The appellate rules provide that an appeal may be dismissed if the appellant fails to file his brief within the time provided by the rules.[2] Loc.App.R. 9 adds that failure to timely file an appellate brief may result in dismissal, "[u]nless the appellant demonstrates that no undue delay and no prejudice to appellee has been caused by the failure to comply with appellate rules * * *." Here, we are not persuaded that Mr. Stanley has been prejudiced by Ms. Stanley's failure to comply with the appellate rules. Although we need to stress the importance of complying with procedural rules and orders, we are also mindful of the principle of Ohio jurisprudence that courts strive to decide cases on their merits rather than on procedural technicalities.[3] Considering that Ms. Stanley has already been penalized by being denied an oral argument, as well as the lack of prejudice here, we decide this appeal on the merits.
We now turn to the determinative issue: whether the trial court had jurisdiction to issue a withholding order requiring that Mr. Stanley's spousal-support payments be made through the CSEA (with the administrative fee paid by Mr. Stanley). To argue against jurisdiction, Mr. Stanley relies on R.C.3105.18(E). This provision of the Revised Code provides that a divorce decree regarding spousal-support can only be modified if the court determines that the circumstances of either party have changed and the decree contains a provision specifically authorizing the court to modify the amount or terms of support. Mr. Stanley argues that the requirements of R.C. 3105.18(E) have not been satisfied. Thus, he claims that his divorce decree can not be modified. But we conclude that this case is not about modification. Rather, this case involves theenforcement of the divorce decree, a different concept from modification. Therefore, R.C. 3105.18(E) does not control here.
We find the Second Appellate District's opinion inHolloman v. Holloman to be persuasive.[4] In that case, the trial court issued an order withholding alimony payments from the appellant's monthly United States Civil Service pension checks.[5]
These payments were to be forwarded to the child support enforcement agency for distribution to the appellee, with the appellant bearing the agency's administrative costs.[6] The appellant claimed that the trial court did not have jurisdiction to issue the order because it was a modification of his divorce decree.[7] The Second Appellate District, however, rejected the appellant's arguments and affirmed the trial court.[8] After reviewing Ohio law and determining that the law permitted the appellee to receive a withholding order, the court held that "the legislature never intended that a withholding order would be treated as a modification of an alimony award, but only as a means of enforcing or easing the administration of that award."[9]
Here, like in the Holloman case, the order requested by Ms. Stanley is not a modification of her divorce decree. Rather, she only seeks to have the decree enforced in accordance with Ohio's statutory requirements. Specifically, the Revised Code provides that spousal-support payments should be made to the CSEA, "as trustee for remittance to the person entitled to receive payments."[10] In fact, under the applicable statute, Ms. Stanley's divorce decree should have originally included a withholding order:
 Each order for alimony made or modified by a court on or after December 31, 1993, shall include as part of the order a general provision [as provided under R.C. 3113.21] requiring the withholding or deduction of wages or assets of the obligor * * * to ensure that withholding or deduction from the wages or assets of the obligor is available from the commencement of the support order for collection of the support and of any arrearages that occur * * *.[11]
Thus, Ms. Stanley is only seeking that to which she was originally entitled.
Finally, the Revised Code provides that the CSEA is entitled to an administrative fee for support payments that go through it. This fee is "the greater of two per cent of the support payment to be collected under a support order or one dollar per month from the obligor under the support order."[12] This means that Mr. Stanley must pay the CSEA $6 per month and that Ms. Stanley should still receive monthly support payments of $300.
In short, we hold that the trial court erred in concluding that it did not have jurisdiction here. Therefore, we reverse its judgment and remand this case with instructions that the trial court order Mr. Stanley's spousal-support payments to go through the CSEA, with Mr. Stanley bearing the $6 administrative fee. On remand, the trial court must further fashion a withholding order appropriate under Ohio law, specifically R.C. 3113.21.
 JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. It is further ordered that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KLINE and HARSHA, JJ.: Concur in Judgment and Opinion.
 _____________________ Mark P. Painter
Judge Mark P. Painter, of the First Appellate District, sitting by assignment.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] See App.R. 18
[2] Id.
[3] Barksdale v. Van's Auto Sales, Inc. (1988), 38 Ohio St.3d 127,128, 527 N.E.2d 284, 285.
[4] Holloman v. Holloman (1993), 91 Ohio App.3d 279, 282,632 N.E.2d 575, 577.
[5] Id. at 280, 632 N.E.2d at 576.
[6] Id. at 281, 632 N.E.2d at 576.
[7] Id.
[8] Id. at 282, 632 N.E.2d at 577.
[9] Id.
[10] R.C. 2301.36(A); see, also, Granzow v. Bur. of Support ofMontgomery Cty. (1990), 54 Ohio St.3d 35, 37-38,560 N.E.2d 1307, 1309-1310 (upholding constitutionality of R.C.2301.36[A]).
[11] R.C. 3105.18(G). The language of this section of the Code, which has recently been modified, now refers to "income or assets" of the obligor, instead of "wages or assets."
[12] R.C. 2301.35(H)(1) (emphasis added).