THE STATE OF OHIO, APPELLEE, *v.* HERZING, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as State *v.* Herzing (1985), 18 Ohio St. 3d 337.]

(Nos. 84-1344 and 84-1405—Decided July 31, 1985.)

*Don W. Fraser,* for appellees.
*John L. Ross,* for appellants.

SWEENEY, J. The causes *sub judice* have been certified for disposition without the benefit of an appellate court review of the issue on the merits, *i.e.,* whether the trial court acted properly in admitting the results of the intoxilyzer tests performed on both appellants.

In *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189 [23 O.O.3d 210], this court stated at 192:

"* * * [I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. See, *e.g., Cobb* v. *Cobb* (1980), 62 Ohio St. 2d 124 [16 O.O.3d 145]. Judicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds."

Although the holding in *DeHart* is not on all fours with respect to the

cases before us, its reaffirmation of this court's philosophy with respect to judicial review is relevant to our disposition of the appeals herein.

The appellate court below dismissed both appellants' causes because of a purported technicality in the Appellate Rules. The court of appeals' dismissals, in our view, have no support under either the Appellate Rules, or under the common law of this state.

In reviewing the pertinent rules upon which the appellate court based its decisions, we find that App. R. 18(A) provides in part:

"Except as provided in Rule 14(C), the appellant shall *serve and file* his brief within twenty days after the date on which the clerk has mailed the notice required by Rule 11(B). * * *" (Emphasis added.)

Appellants contend, and the state agrees, that the Rules of Appellate Procedure clearly distinguish between the obligation to file and the obligation to serve an appellant's brief. App. R. 18(C) provides a specific, although discretionary, sanction should an appellant fail to *file* his brief in a timely fashion as prescribed under App. R. 18(A).

App. R. 18(C) states in relevant part:

"If an appellant fails to *file* his brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal. * * *" (Emphasis added.)

However, as appellants correctly contend, nothing in this rule condones or sets forth an available sanction to the court of appeals should an appellant fail to *serve* his brief in a timely fashion, or for any defect in the mode of service caused by an appellant. This being the case, we hold that a court of appeals may not dismiss, *sua sponte,* an appeal based upon a defect in the mode of service of an appellant's brief, when said brief was otherwise timely filed before the appellate court.

We believe that our construction of App. R. 18 is compelled by the language (or lack thereof) contained within the rule, and is consonant with the fundamental tenet of judicial review of deciding cases on their merits, as we enunciated in *DeHart, supra.* Since the appellate court's dismissals of appellant's causes were without statutory or common-law authority, as even the appellee-state concedes, we find no conceivable justification for a disposition by the court of appeals, other than on the merits.

Therefore, the judgments of the court of appeals are reversed, and the causes are remanded to that court for a consideration of the instant appeals on their merits.

*Judgments reversed and*
*causes remanded.*

CELEBREZZE, C.J., LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.