BARKSDALE, APPELLEE, *v.* VAN'S AUTO SALES, INC., APPELLANT.

[Cite as Barksdale *v.* Van's Auto Sales, Inc. (1988), 38 Ohio St. 3d 127.]

(No. 87-762—Submitted March 9, 1988—Decided August 3, 1988.)

*William L. Blake,* for appellant.

*Per Curiam.* The defendant-appellant contends that where a sale of a motor vehicle under written contract provides an "as is — no warranty" clause, such language means exactly what it states. Defendant submits that in the absence of fraud, a court cannot subsequently hold that such language is meaningless as to a portion of the vehicle which the purchaser wishes to have warranted.

In the posture the cause *sub judice* is presented for our consideration, it is readily apparent that the court of appeals below did not review or decide the substantive arguments of defendant since the appeal perfected by defendant was from the trial court's denial of the motion for judgment n.o.v. and for a new trial. The appellate court held that it was not permitted to consider what is, in essence, the substantive portion of defendant's appeal because defendant did not appeal from the judgment entered by the trial court on July 3, 1986. We disagree.

In *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257, 24 O.O. 3d 344, 436 N.E. 2d 1034, this court was faced with a similar situation where the appellant appealed from the order denying a new trial and not from the final judgment on the merits. The court of appeals therein held that it could not consider the merits of the appeal because the notice of appeal mistakenly specified that the appeal was taken from the order denying the motion for a new trial rather than from the final judgment entered on the merits. This court, however, reversed that decision and held as follows:

"* * * [T]his court holds that any mistake in appealing from the order denying the motion for new trial rather than from the judgment should be treated as harmless error and that the appeal should be treated as if arising from the final judgment." *Id.* at 260, 24 O.O. 3d at 346, 436 N.E. 2d at 1036.

Based upon this decision, we are compelled to reverse the judgment of the court of appeals and remand the cause to that tribunal for a consideration of defendant's appeal on the merits.[1] Additionally, it should be emphasized that our disposition herein reflects a basic tenet of Ohio jurisprudence that cases should be determined on their merits and not on mere procedural technicalities. See, *e.g., State* v. *Herzing* (1985), 18 Ohio St. 3d 337, 18 OBR 379, 481 N.E. 2d 593; *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, 7 OBR 256, 454 N.E. 2d 951; *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 23 O.O. 3d 210, 431 N.E. 2d 644.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded for a review of the appeal on the merits.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[1] Indeed, given this court's disposition in the subsequent case of *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1985), 19 Ohio St. 3d 93, 19 OBR 255, 483 N.E. 2d 144, it appears that defendant raises a legitimate, substantive argument.