OPINION
Defendant-appellant, Marius C. Van Heeswijk, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for a new trial and awarding plaintiffs, Jack and Debra Reese, compensatory and punitive damages.
In 1988, defendant, a building and cement construction contractor, sold plaintiffs a house. While defendant owned the property, but before he listed it with a realtor, defendant discovered four vertical cracks and one diagonal crack in the basement walls. Defendant constructed six-foot tall cement pilasters in front of the vertical cracks, mortared them to the concrete walls in the basement, and placed a steel I-beam in front of the diagonal crack. After the closing, plaintiffs discovered water leaking from behind the concrete pilasters and subsequently found the cracks in the basement walls.
After defendant's several unsuccessful attempts to repair the cracks, plaintiffs paid Everdry Waterproofing, Inc. ("Everdry") $7,820 to remedy the problem. Plaintiffs then filed a complaint against defendant alleging poor workmanship and fraud. The case was assigned to a judge of the common pleas court but was tried by a visiting judge sitting due to the assigned judge's illness. After a bench trial, the visiting judge entered judgment in favor of defendant.
On appeal this court reversed the judgment, holding that defendant failed to disclose a latent, material defect regarding the cracks in the basement walls, and thus had fraudulently concealed the cracks from plaintiffs. Reese v. Van Heeswijk (Sept. 30, 1993), Franklin App. No. 93AP-389, unreported (1993 Opinions 4219), jurisdictional motion overruled, (1994), 68 Ohio St.3d 1465. Accordingly, this court remanded the case to the trial court for a determination of damages. On remand, the assigned judge having recovered from his illness, awarded plaintiffs compensatory damages of $7,820 and punitive damages of $7,500.
Although defendant moved for a new trial, the trial court, through the assigned judge, denied the motion. The assigned judge ultimately awarded attorney fees in favor of plaintiffs and entered final judgment on August 19, 1998. Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFFS-APPELLEES COMPENSATORY DAMAGES IN THE AMOUNT OF $7,820, AS SAID AMOUNT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFFS PUNITIVE DAMAGES AGAINST THE DEFENDANT, IN THAT THE TRIAL COURT'S FINDING THAT THE DEFENDANT ACTED WITH MALICE AND COMMITTED EGREGIOUS FRAUD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFFS-APPELLEES COMPENSATORY DAMAGES IN THE AMOUNT OF $7,820, AS THE PLAINTIFFS-APPELLEES ONLY DEMANDED COMPENSATORY DAMAGES OF $5,000 IN THEIR COMPLAINT.
 IV. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION FOR A NEW TRIAL.
Initially, plaintiffs contend that defendant's first three assignments of error are not properly before this court because defendant appealed from the trial court's entry denying his motion for new trial instead of the final judgment entry on damages. Defendant's mistake in appealing from the order denying a motion for new trial should be treated as harmless error.Barksdale v. Van's Auto Sales, Inc. (1988), 38 Ohio St.3d 127,128 (citations omitted). Defendant's appeal will be treated as if it arose from the final judgment. See Id.
Defendant's first and third assignments of error concern the amount of compensatory damages the trial court awarded. The trial court awarded $7,820 in compensatory damages, representing the cost to repair the basement. Defendant does not assign as error the trial court's use of restoration value, rather than diminution in market value, as the measure of damages under the facts of this case. Instead, his first assigned error is addressed solely to whether the trial court's judgment is supported by competent, credible evidence.
A reviewing court may not reverse a judgment in a civil case as being against the manifest weight of the evidence if that judgment is supported by some competent, credible evidence going to all essential elements of the case. See C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279. Here, plaintiffs testified they called Everdry to repair the problem, they testified to the steps Everdry took to repair the problem, and they testified they paid Everdry $7,820 for repairing the problem. Supporting plaintiffs' testimony, Gary Wilhelm, a structural engineer, estimated plaintiffs' reasonable repair range to be $5,000 to $9,000 based on prices contractors commonly have charged in projects with which he has been involved.
While defendant contends the work Everdry performed was unnecessary or over-priced, he offers little or no support from the record. Indeed, Wilhelm testified that the steps Everdry took in repairing the perimeter drain, repairing the cracks, and excavating and sealing the exterior were reasonable, commonly-performed measures to alleviate the inward movement of the basement wall caused by pressure from excess moisture in the soil outside the wall. Moreover, contrary to defendant's contentions, other evidence, which placed values on the individual services Everdry provided, supports the amounts plaintiffs paid for the entire job. For example, evidence on rebuttal indicated that a separate contractor estimated $5,000 for waterproofing services alone, not including the installation of a new perimeter drain or a lifetime warranty. Defendant testified he would charge $350 to $400 to replace the perimeter drain system, and Wilhelm valued a lifetime warranty at $1,000. The sum of the independent estimates of the various tasks Everdry performed is therefore comparable to the amount plaintiffs paid Everdry. While defendant testified the cracks in plaintiffs' basement could be resealed for $300 to $400, plaintiffs testified defendant's attempts to seal the cracks on several occasions were unsuccessful.
Given the evidence in the record, defendant's first assignment of error is overruled.
Defendant's third assignment of error contends the trial court erred in awarding compensatory damages in excess of the $5,000 demand in plaintiffs' complaint, thereby violating former Civ.R. 54(C) which limited a judgment for money damages to the amount claimed in the demand for judgment.
Although plaintiffs' complaint alleged they suffered damages of $5,000 from defendant's substandard performance regarding construction defects in the basement walls, their demand for judgment sought total damages of $50,000, plus treble damages for fraudulent concealment. Under the prior version of Civ.R. 54(C), "an award of damages does not have to follow the breakdown pleaded in the complaint as long as the award does not exceed the total damages asked in the complaint." Mers v. Dispatch PrintingCo. (1988), 39 Ohio App.3d 99, 106; see, also, Center RidgeGantley, Inc. v. Stinn (1991), 71 Ohio App.3d 514, 521. Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error contends the trial court erred in overruling defendant's motion for new trial. After the trial court issued its decision awarding damages to plaintiffs, defendant moved for a new trial under Civ.R. 59(A) (1). He alleged, among other things, that the assigned judge erred in determining compensatory and punitive damages based on the record of the proceedings before the visiting judge, and thus prevented defendant from obtaining a fair trial on the issue of damages. The trial court denied the motion, citing Civ.R. 63(A) and this court's instruction on the initial appeal to assess damages pursuant to our finding defendant had committed fraud as a matter of law.
Although the trial court determined that Civ.R. 63 granted it discretion to render judgment on damages without a new trial, that rule does not apply. Civ.R. 63(A) governs jury trials, and Civ.R. 63(B) applies after the verdict or findings of fact and conclusions of law are made. Accord Vergon v. Vergon (1993),87 Ohio App.3d 639, 643. Neither of those prerequisites are present here. Plaintiffs' case was tried to the court, and while the visiting judge entered a written opinion in defendant's favor on the issue of liability, the visiting judge did not issue a verdict, findings of fact and conclusions of law, or any other opinion, on damages. Moreover, a successor judge cannot render judgment on the transcript in a case tried to the court if (1) the judge's predecessor has not filed findings of fact and conclusions of law, and (2) credibility determinations, facilitated by an opportunity to observe the testimony, are required. Arthur Young Co. v. Kelly (1990), 68 App.3d 287, 294. The issue therefore resolves to whether the trial court's award of damages involved credibility determinations.
To come within the scope of the rule set forth in Kelly, defendant must point to specific instances in the record demonstrating that credibility was at issue. Hempy v. Green (May 31, 1990), Franklin App. No. 89AP-1369, unreported (1990 Opinions 2046). In an attempt to meet his burden, defendant asserts that credibility issues concerning compensatory damages arose out of disagreement over the necessity for the work Everdry performed.
The record, however, does not support defendant's contention. While defendant testified he could "repair the perimeter of the basement, replace the drain tile" for "300, 350, 400 at the most," (Tr. 195) defendant's repair costs do not encompass all the work done to repair the problem. Indeed, defendant did not testify that his estimate covered all the work necessary to repair the problem. Moreover, although defendant testified the sump pumps he put in were new when they were installed and operating, thus suggesting Everdry unnecessarily replaced them, his testimony does not address whether, if operating, the pumps were sufficient to perform their intended function.
As to punitive damages, plaintiffs contend that credibility was not an issue based upon this court's determination on direct appeal that defendant committed fraud. To establish an entitlement to punitive damages in an action for fraud, a plaintiff must demonstrate, in addition to proving the elements of the tort itself, "that the fraud is aggravated by the existence of malice or ill will, or must demonstrate that the wrongdoing is particularly gross or egregious." Charles R. Combs Trucking, Inc.v. International Harvester Co. (1984), 12 Ohio St.3d 241, paragraph three of the syllabus.
On appeal from the original judgment in favor of defendant, this court determined that although defendant did not make any affirmative misstatements to plaintiffs, defendant nevertheless failed to disclose the nature of the cracks in the basement walls, which were material defects. Based partially upon that determination, we held that defendant fraudulently concealed the defects, and that the trial court misapplied the doctrine ofcaveat emptor from the syllabus of Layman v. Binns (1988),35 Ohio St.3d 176. Absent from the disposition of the first appeal, however, was any determination that defendant acted with malice, ill-will, or particularly gross and egregious conduct necessary to justify the trial court's award of punitive damages underInternational Harvester, supra. Accordingly, our determination that defendant committed fraud against plaintiffs does not resolve whether credibility determinations remained for the purposes of assessing defendant's liability for punitive damages.
While this court's conclusion that defendant committed fraud is alone not enough to eliminate credibility issues in ascertaining punitive damages, certain other language from that opinion eliminates the credibility issue defendant posits as requiring a new trial. Specifically, defendant points to his testimony that he discussed with a building inspector the strength of the basement walls, and although he did not believe that the walls had lost any strength due to the cracking, he installed the pilasters in front of the cracks to help strengthen the walls "just in case they needed strengthening." He contends that testimony, that he installed the pilasters to strengthen the walls, creates a credibility issue when compared to the trial court's finding that he intentionally concealed cracks in the basement.
On the first appeal, however, this court stated that "defendant's failure to disclose the cracks behind the pilasters, and the fact that the pilasters were constructed only for cosmeticpurposes, amounts to fraudulent concealment." Reese v.VanHeeswijk, supra, at 4229. (Emphasis added.) This court's conclusion that the pilasters were constructed only for cosmetic purposes thus rejects defendant's testimony as a matter of law, a conclusion which was not set aside by further appellate consideration. Accordingly, defendant's rejected testimony cannot create a credibility issue in consideration of punitive damages.
Defendant's fourth assignment of error is overruled.
Defendant's second assignment of error challenges the trial court's award of punitive damages. The trial court premised its award of punitive damages on defendant's engaging "in a continuing course of conduct intending to prevent the Plaintiffs from discovering rather substantial cracks in the basement walls of the home purchased from Defendant by disguising the cracks with pilasters and a cosmetic steel beam without structural purpose and by engaging in inadequate half measures to perpetrate the fraud." (Decision Awarding Damages to Plaintiffs, p. 2.) In analyzing that evidence, the court deemed such conduct "particularly egregious" and further concluded "actual malice was demonstrated by the Defendant's conscious disregard for the rights of the Plaintiffs * * * which carried with it a great probability of causing substantial harm evidenced by a worsening of the cracks over time." Id. at 2-3. While fraud is indeed a part of this case, the record shows little if any evidence of malice or ill-will or wrongdoing sufficient to warrant the awarding of punitive damages. Fraud alone is not sufficient. Because the record in this case does not demonstrate gross or egregious conduct on the part of defendant, see International Harvester, supra, defendant's second assignment of error regarding punitive damages is sustained.
Having overruled defendant's first, third, and fourth assignments of error, but having sustained his second assignment of error, we affirm the judgment of the trial court in part, reverse in part, and remand for modification of judgment in accordance with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
KENNEDY and DESHLER, JJ., concur.
BRYANT J., concurs in part and dissents in part.