OPINION
This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments to this court. Defendant-Appellant, Tanya Beck (hereinafter "Tanya"), appeals the decision of the Belmont County Court of Common Pleas, Juvenile Division adopting a magistrate's decision and granting custody of a minor child, Landon Beck (hereinafter "Beck"), to his father, Plaintiff-Appellee, Douglas Gray ("hereinafter "Doug"), who proceeded pro se. Although counsel for Tanya has made an attempt, perhaps the worst this Court has seen by an attorney, to present four assignments of error for our consideration, the two issues before us which we must resolve are: 1) whether the instant case arises from a final appealable order; and, 2) counsel's complete and utter failure to comply with the appellate rules and the consequences thereof. Because we conclude the trial court did not independently dispose of the issues before it, this appeal arises from a non-final appealable order, and for the foregoing reasons, we dismiss this appeal and remand the action for further proceedings.
Tanya and Doug had a child, Landon, out of wedlock. Subsequently, both Tanya and Doug married other people. On June 5, 1998, a court entered a custody decree naming Tanya as the residential parent and ordering Doug to pay child support.
Doug filed a pro se motion asking for a modification of the prior custody decree. Doug was subsequently appointed counsel and on August 8, 2000, counsel filed on Doug's behalf an additional motion requesting the following relief: 1) that Tanya be cited for visitation contempt; 2) that Landon's last name be changed to Gray; and, 3) that Doug be provided with Landon's medical records. Tanya responded by filing her own motion for contempt, motion to retain joint custody, motion to imprison Douglas Gray, and motion for other relief on August 16, 2000. On October 20, 2000, a hearing before a magistrate was held to address all pending motions.
On November 9, 2000, the magistrate entered his decision. That decision found a change in circumstances due to the abusive control Tanya's husband, Jason Beck (hereinafter "Jason"), exercised over Landon. The magistrate then found it would be in Landon's best interests to modify custody and designated Doug as residential parent. The magistrate also found Tanya in contempt of court for failing to comply with the visitation schedule provided for in the prior custody determination, but afforded her the opportunity to purge herself of that contempt. The court denied Doug's motion to change Landon's last name but granted his motion for medical records. Finally, the magistrate denied Tanya's motion for contempt, her motion to retain custody, and found it did not have the jurisdiction to order Doug's imprisonment.
On November 15, 2000, Tanya filed written objections to the magistrate's decision. The trial court reviewed the audio taped transcript of the proceedings and affirmed the magistrate's decision on November 27, 2000.
Before we can address the substance of Tanya's assignments of error, we must first determine whether we have subject matter jurisdiction to hear this appeal. Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, we only have jurisdiction to entertain appeals from final, appealable orders.
We have recently held a trial court which adopts a magistrate's decision must independently dispose of the issues for its order to be a final, appealable order. Harkins v. Wasiloski, 7th Dist. No. 00CA9, 2001-Ohio-3464. In Harkins, the appellant filed written objections to the magistrate's decision in the trial court. In the judgment entry appealed from, the trial court specifically addressed each objection, and adopted the findings and conclusions of the magistrate as its own. However, that entry did not contain any orders defining the rights, duties, and obligations of the parties. We required trial courts to issue their own order resolving the issues in the case based upon the findings and conclusions made by the magistrate when the trial court adopts the magistrate's decision. Id. at ¶ 13; see also Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 736 N.E.2d 101.
In this case, the trial court's November 27, 2000 Judgment Entry states as follows:
"The Court has reviewed the audio tape of the transcript of the hearing on this matter from October 20, 2000. The Court compliments the parties, the attorneys and especially the Magistrate for an efficient and timely presentation of evidence under very strained circumstances.
"The Court hereby affirms the Magistrate's decision.
"The change of custody shall take place on December 2, 2000 at 12:00 noon at the Bellaire Police Department.
"Visitations shall be as ordered by the Magistrate and shall begin on December 8, 2000.
"Child support paid by the father shall terminate effective December 1, 2000."
In this entry, as in Harkins, the parties must look to some other document rather than the judgment entry to discover how the court defines their rights, duties, and obligations. Although the entry states when and where the change of custody is to take place, it does not indicate who is the custodial parent or how the parental rights and responsibilities shall be defined. For example, it does not describe visitation, but rather refers the parties to the magistrate's decision. "This entry does not independently dispose of the issues before the court." Harkins, supra at ¶ 13. Therefore, this appeal is from a non-final, appealable order and this court lacks subject matter jurisdiction to hear this appeal.
Before disposing of this appeal, we feel it necessary to discuss the disturbing lack of compliance with appellate rules and procedure evidenced by Tanya's counsel, Attorney Joseph Carpino (hereafter "Carpino"). In Tanya's initial brief before this Court, titled a "Partial Merit Brief", Carpino urged this court to accept it as a "PRE Merit Brief", thereby attempting to preserve the right to alter or amend the arguments and assignments of error contained in the brief at a later date. There is no provision in the Appellate Rules for such a filing.
In that initial brief, Carpino appears to raise three errors. However, that brief completely fails to conform to App.R. 19(A), concerning the form of briefs, and App.R. 16(A), concerning the content of briefs. The brief does not state any assignments of error. Instead, it contains statements such as "How can a Juvenile Judge write `one liners', as opposed to a written decision? He can not, he must write at least something other than a `One Liner'." Furthermore, for at least one of the "assignments of error" there is no argument anywhere in the brief purporting to support that "assignment of error". In addition, some of the alleged errors raised and much of the argument in the brief deal with things which happened after the notice of appeal in this case was filed. Finally, the brief generally fails to identify in the record where the alleged errors took place. These deficiencies could allow this Court, if it so chose, to disregard each of the alleged errors in the initial brief to this court pursuant to App.R. 12(A)(2).
In addition to the deficiencies in the initial brief, Carpino continued to show a complete disregard of appellate rules and procedure in the reply brief. For example, the reply brief contains no discussion of any of the issues raised in the initial brief. Likewise, there is no attempt to respond to Doug's answer brief.[1] Instead, the brief raises four new assignments of error. And although these are actual assignments of error, as opposed to the confusing statements in the initial brief, unfortunately they are not only raised at an improper time, but they also are not proper subjects for appellate review in the case at hand. For example, one of the assignments of error concerns this court's refusal to grant Tanya's motion to stay execution of judgment while another alleges the child in this case was "sold for thirty pieces of silver".
Carpino apparently believes this is correct procedure since the cover page of the initial brief specifically stated "The Reply Brief Will Incorporate Any Issues Raised Therein Contra to the ones herein." However, a reply brief is intended to merely be an opportunity to reply to the brief of the appellee. App.R. 16(C). "A reply brief may not raise new assignments, which were omitted from appellants' original brief, especially where leave to file a new assignment was not sought from this court." Calex Corp. v. United Steelworkers of Am. (2000),137 Ohio App.3d 74, 80, 738 N.E.2d 51; see also Sheppard v. Mack (1980),68 Ohio App.2d 95, 97, 427 N.E.2d 522, at footnote 1. This principle is echoed in this court's local rules which provide:
"* * * [R]eply briefs * * * shall be restricted to matters in rebuttal of the answer brief. Proper rebuttal is confined to new matters in the answer brief." Local Rule IV(1) of the Seventh District Court of Appeals.
The reply brief violates this basic aspect of appellate procedure.
In addition, the fact that the briefs continually complain about acts which occurred after the notice of appeal was filed demonstrates Carpino must believe that once a case has been appealed to this court, any issue relating to that case must be appealable as long as the appeal is pending. This is further illustrated by the fact that counsel filed a "notice of appeal" with this Court while this appeal was pending. It is unclear what counsel intended with this filing, however, pursuant to App.R. 4(A), a notice of appeal must be filed with the clerk of the trial court. It appears Carpino fails to understand appeals are from trial court judgments and a new judgment necessitates a new appeal.
In addition to the lack of compliance with the forms of appellate procedure, the briefs demonstrate a complete lack of understanding of what little procedural law Carpino attempts to cite. In our January 30, 2002 judgment entry, we recognized neither party timely requested oral argument. The reply brief, filed after this judgment entry, argues this is incorrect because of this court's failure to apply the Appellate Rules. It then cites the 2000 version of App.R. 7 and 11.2 in support of the argument. However, these rules do not apply to this appeal. The part of the former version of App.R. 7 which the brief quotes relates to "dependent, neglected, unruly, or delinquent" children. This is a custody case, not an adjudication that a child is an abuse, neglected, or dependent child. Similarly, the former version App.R. 11.2 applies to "[a]ppeals from orders granting or denying termination of parental rights", also a situation that does not apply in the present case as the court did not terminate Tanya's parental rights. Rather it granted custody to the child's father while granting her visitation.
The lack of compliance with the appellate rules is even more disturbing when viewed in conjunction with the previous warnings Carpino has received. This court recently discussed Carpino's disregard of the rules in Carpino v. Wheeling Volkswagen-Subaru, 7th Dist. No. 00 JE 45, 2001-Ohio-3357, wherein Attorney Carpino proceeded pro se.
"This court could have disregarded all three assignments of error pursuant to App.R. 12(A)(2) because Carpino failed to separately argue his assignments of error as required by App.R. 16(A)(7). App.R. 16(A)(7) requires an appellant to make `an argument containing contentions of the appellant with respect to each assignment of error present for review and the reason in support of the contentions.' Carpino does not argue his three assignments of error separately, instead he combines all of the arguments together. This makes it difficult to decipher which assignment he is referring to in the text of his brief. Nonetheless in the interest of giving appellant his day in court, we will make an attempt to address the core legal issues presented by appellant's assignments of error." Id. at 1.
Carpino also failed to make a "simple request" for findings of fact and conclusions of law from the trial court which "would have been extremely helpful" to Carpino's challenge to the trial court's decision. Id. at 2. Finally, this court noted some of Carpino's filings had been "extremely difficult to understand". Id. at 3.
Moreover this court previously found Carpino's actions to be "the closest case of ineffective assistance of counsel that this court has considered to date," noting "many instances of unreasonable and unprofessional conduct" which "nearly violated ethical considerations".State v. Christian (Jan. 13, 2000), 7th Dist. No. 96-JE-42 at 5-6. Characterizing some of Carpino's statements as "an unintelligible array of confusion," Id. at 6, and recognizing that he "failed to realize that [his client] sat innocent until proven guilty beyond a reasonable doubt," Id., the opinion recommended "that defense counsel not be appointed to any future capital cases." Id. at 7.
Carpino's missteps in this case are not confined to the appellate proceedings. For instance, at the trial court level he filed a motion to imprison Doug for a criminal offense. Not only was this an improper motion, Carpino failed to introduce any evidence supporting that motion. In addition, Carpino also threatened to send a witness to jail. As a final example of Carpino's inappropriate behavior, after the parties were done examining a witness, Doug's counsel asked the magistrate if the parties could take a restroom break. Carpino told the magistrate, "Don't give him one."
It is a rare occurrence that an attorney so completely disregards the appellate rules. Citing many Ohio Supreme Court cases, some courts note it is a fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. BancOhio Nat. Bank v. Williamson (Dec. 31, 1991), 10th Dist. No. 1766; Wise, Childs and Rice Co., L.P.A. v. Hatcher
(Dec. 29, 1989), 3rd Dist. No. 15-89-15. "Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds." DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 193, 23 O.O.3d 210, 431 N.E.2d 644.
"The rules of Appellate Procedure were promulgated to provide a framework for the orderly and efficient prosecution of appeals. The Local Rules are intended to further this objective also. The application of the fundamental tenet of deciding cases on their merits must eventually conflict with the application of the appellate rules. The cases cited above indicate that the appellate rules must yield when the procedural error was inadvertent and counsel acted in good faith." Wise, Childs at 3 citing National Mut. Ins. Co. v. Papenhagen (1987), 30 Ohio St.3d 14, 30
OBR 21, 505 N.E.2d 980; Barksdale v. Van's Auto Sales, Inc. (1988),38 Ohio St.3d 127, 527 N.E.2d 284; Perotti v. Ferguson (1983),7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951; State v. Herzing (1985),18 Ohio St.3d 337, 18 OBR 379, 481 N.E.2d 593; DeHart, supra; Fisher v.Mayfield (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975.
Because the order which is appealed from is not a final, appealable order, the resolution of Tanya's appeal does not rest upon our determination of whether or not Carpino's actions demonstrate a flagrant, substantial disregard for the rules sufficient to justify a dismissal on procedural grounds. However, similar disregard for the appellate rules in future cases may well warrant the serious consequence of the dismissal of a party's appeal by this Court because of their attorney's substandard advocacy.
In conclusion, we find the trial court's decision was not a final, appealable order because it did not independently dispose of the issues before it. Accordingly, we dismiss the appeal and remand the cause to the trial court for further proceedings.
Donofrio, J., concurs.
Waite, J., concurs.
[1] We must note that Doug's pro se filing does not contain a certificate of service which would indicate whether it had been served upon Mr. Carpino.