[Cite as *DCI Rentals, L.L.C. v. Sammons*, 2024-Ohio-1962.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

DCI RENTALS, LLC,                              :

                         Plaintiff-Appellant,     :    Case No. 23CA4030

v.                                             :

CLAUDE A. SAMMONS,                             :    DECISION AND
                                                    JUDGMENT ENTRY

                         Defendant-Appellee,    :
_____

APPEARANCES:

Steven M. Willard, Portsmouth, Ohio, for appellant.

Susan M. Salyer and John R. Haas, Loveland, Ohio, for appellee.
_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-14-24
ABELE, J.

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment in favor of DCI Rentals, LLC, plaintiff below and appellant herein. The trial court awarded appellant $54,806.40 to compensate it for the damage it suffered as a result of the negligence of Claude A. Sammons, defendant below and appellee herein. Appellant assigns the following errors for review:

                 FIRST ASSIGNMENT OF ERROR:

                 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
                 IN ITS RULING ON DEFENDANT-APPELLEE'S MOTION
                 IN LIMINE FINDING THE MEASURE OF DAMAGES IS
                 THE DIFFERENCE IN THE FAIR MARKET VALUE OF

THE PROPERTY IMMEDIATELY BEFORE AND AFTER
THE INCIDENT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT BELOW COMMITTED PREJUDICIAL
ERROR IN ITS FINAL ENTRY GRANTING JUDGMENT
TO PLAINTIFF-APPELLANT, BUT DENYING
PLAINTIFF-APPELLANT'S EVIDENCE OF DAMAGES."

{¶2} On June 1, 2020, appellant[1] filed a complaint that alleged appellee negligently operated his motor vehicle when he struck a house situated on appellant's rental property. Appellant claimed that as a result of the accident, the house had to be demolished. Appellant thus requested damages for the losses it suffered as a result of appellee's negligence. Appellee denied liability.

{¶3} Appellee later filed a motion in limine. In his motion, appellee admitted liability and stated that the issue for the court to resolve was the proper measure of damages. Appellee asserted that "the proper measure of damage to real property is the difference in the fair market value of the property immediately before and after the incident."

{¶4} Appellant's memorandum contra argued that damages should not be limited to the difference in the fair market value of the property before and after the accident. Instead,

---

[1] The complaint named Connie and Doug Rudd as the plaintiffs. On April 13, 2023, they filed a motion to substitute DLC Rentals, LLC as the plaintiff. The trial court granted this motion.

appellant asserted that "the goal of damages is to make the claimant whole."  Appellant contended that, as a result of appellee's negligence, the house was completely destroyed and needed to be demolished.  Consequently appellant asserted it is entitled to recover the cost to rebuild the house, plus the demolition cost and the profit lost due to the lack of rental income.  Appellant argued that a jury should determine the amount of damages that would make appellant whole and limiting the jury's consideration to "only a diminution in value of the property is unreasonable and unfair."

{¶5}  On August 3, 2021, the trial court determined that the proper measure of damages is the difference in the market value of the property before and after the accident.  The court concluded that this rule, derived from *Ohio Collieries Co. v. Cocke*, 107 Ohio St. 238, 140 N.E. 356 (1923), applies when the damages are permanent.  The court found that appellant's damages were permanent.  The building had to be demolished, and "[t]here [was] nothing left to repair or restore."  The court further noted that to award appellant the cost to rebuild would "give [it] a windfall."  The court thus determined that at trial, the jury will be instructed that "the correct measure of damages is the difference in the fair market value of the property

immediately before and after the accident." The parties later agreed to a trial before the court.

{¶6} On May 2, 2023, the trial court awarded appellant damages in the amount of $54,806.40. The court recognized that appellant requested the court award it the full measure of damages it suffered, which included the cost to rebuild the property ($101,262.47), the demolishment cost ($9,322.40), and the lost rental income ($31,000). The trial court nonetheless determined that "the measure of damages to consider is the difference in the fair market value of the property immediately before and after the incident." The court also noted that appellant had received insurance proceeds in the amount of $45,484 for the house, in addition to $9,322.40 for the demolition, for a total of $54,806.40. The court thus determined that $54,806.40 is the proper amount of damages appellant is entitled to as a result of appellee's negligence. The court entered judgment accordingly and this appeal followed.

I

{¶7} In its two assignments of error, appellant asserts that the trial court incorrectly determined that the proper measure of damages is the difference in the fair market value of

the property immediately before and after the incident.[2]

Appellant contends that the "goal of damages is to make the

claimant whole."  Applying this rule, appellant suggests that

the court should have awarded it the amount of money to rebuild

the property ($101,262.47) and to recover the profit it lost due

to the inability to rent the property from the date of the

accident to the date of trial ($31,000), for a total damage

award of $132,262.47.

{¶8}  Appellee argues that the trial court applied the

correct measure of damages because the court based its decision

upon the *Ohio Collieries* rule that applies when property

---

[2] We observe that appellant's brief argues the first and
second assignments of error together.  While appellate courts
may combine assignments of error, the Appellate Rules require an
appellant's brief to separately argue each assignment of error.
App.R. 16(A)(7) (stating that "[t]he appellant shall include in
its brief * * * [a]n argument containing the contentions of the
appellant with respect to each assignment of error presented for
review and the reasons in support of the contentions, with
citations to the authorities, statutes, and parts of the record
on which appellant relies"); *State v. Rife*, 4th Dist. Ross No.
11CA3276, 2012-Ohio-3264, ¶ 15.  We thus would be within our
discretion to disregard appellant's assignments of error.  *See*
App.R. 12(A)(2) (court may disregard an assignment of error if
appellant fails to separately argue it).  We prefer, however, to
decide cases on their merits rather than procedural
technicalities.  *Barksdale v. Van's Auto Sales, Inc.*, 38 Ohio
St.3d 127, 128, 527 N.E.2d 284, 285 (1988) (noting that a "basic
tenet of Ohio jurisprudence [is] that cases should be determined
on their merits and not on mere procedural technicalities").  We
therefore will review appellant's first and second assignments
of error.

sustains permanent injury: "the measure of damages is the difference in the market value of the property as a whole, including the improvements thereon, before and after the injury." *Id.* at 248. Appellee asserts that the market value of appellant's rental property before the accident was $45,484, and after the accident, the market value was $0. Appellee thus claims that "the difference in fair market value of the property immediately before the accident ($45,484.00) and immediately after the accident ($0) is $45,484.00."

{¶9} Appellee further recognizes that *Ohio Collieries* stated a different measure of damages when the injury is "temporary and reparable":

> the measure of damages is the reasonable cost of restoration, plus reasonable compensation for the loss of the use of the property between the time of the injury and the restoration, unless the cost of restoration exceeds the difference in the market value of the property before and after the injury, in which case the difference in market value becomes the measure.

*Id.* at 248-49.

{¶10} Appellee contends that, even if the injury to appellant's property could be considered "temporary and reparable," appellant should be limited to the difference in the market value of the property before and after the accident based upon the *Ohio Collieries* rule. Appellee asserts that the cost to restore appellant's property ($101,262.47) exceeds the

difference in the market value of the property before ($45,484.00) and after the accident($0).  Thus, appellee asserts because the restoration cost exceeds the difference in the market value of the property before and after the accident, appellant's damages are limited to "the difference in the fair market value of the property immediately before and after the incident."

{¶11} Selecting the proper measure of damages is a legal question that appellate courts review independently and without deference to a trial court's decision.  *Outer Space Signs, L.L.C. v. Clagg*, 4th Dist. Jackson No. 12CA11, 2013-Ohio- 4350, ¶ 7, citing *Werr v. Moccabee*, 4th Dist. Ross No. 07CA2986, 2008-Ohio-595, ¶ 8; *accord Fuline v. Green*, 9th Dist. Summit Nos. 25704, 25936, 2012-Ohio-2749, ¶ 6 (whether a "trial court correctly applied the law to the facts of a case presents a question of law" subject to de novo review).  Although appellate courts do not defer to a trial court's selection of the measure of damages, appellate courts do defer to the trial court's factual findings.  *Ohio Edison Co. v. Royer*, 2018-Ohio-75, 92 N.E.3d 912, ¶ 7 (9th Dist.).  As we explain below, we believe that in the case sub judice the trial court applied the correct measure of damages to the facts.

{¶12} As a general matter, the appropriate measure of damages is the amount that "will compensate and make the plaintiff whole." *Pryor v. Webber*, 23 Ohio St.2d 104, 107, 263 N.E.2d 235 (1970). "Although a party damaged by the acts of another is entitled to be made whole, the injured party should not receive a windfall." *Triangle Properties, Inc. v. Homewood Corp.*, 2013-Ohio-3926, 3 N.E.3d 241, ¶ 52 (10th Dist.); *e.g.*, *Chilli Assoc. Ltd. Partnership v. Denti Restaurants Inc.*, 2023-Ohio-1978, 217 N.E.3d 137, ¶ 25 (4th Dist.); *Henderson v. Spring Run Allotment*, 99 Ohio App.3d 633, 645, 651 N.E.2d 489, 497 (9th Dist.1994). Consequently, "the damages awarded should not place the injured party in a better position than that party would have enjoyed had the wrongful conduct not occurred." *Triangle* at ¶ 52; *accord Columbus Fin., Inc. v. Howard*, 42 Ohio St.2d 178, 184, 327 N.E.2d 654 (1975) (an injured party "should be neither undercompensated nor overcompensated").

{¶13} For these reasons, the well-established rule regarding the measure of damages for permanently or irreparably injured real property "is the difference in the market value of the property as a whole, including the improvements thereon, before and after the injury." *Ohio Collieries*, 107 Ohio St. at 248; *accord Martin v. Design Constr. Servs., Inc.*, 121 Ohio St.3d 66, 2009-Ohio-1, 902 N.E.2d 10, ¶ 14; *L.G. Harris Family Ltd.*

*Partnership I v. 905 S. Main St./Englewood, L.L.C.*, 2nd Dist. Montgomery No. 25871, 2014-Ohio-1906, ¶ 75; *Ohio Jury Instructions*, CV Section 315.35 (Rev. 3-28-09).  When, however,

> the injury is susceptible of repair, the measure of damages is the reasonable cost of restoration, plus reasonable compensation for the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property before and after the injury, in which case the difference in market value becomes the measure.

*Ohio Collieries*, 107 Ohio St. at 248-249; *Martin* at ¶ 14; *Ohio Jury Instructions*, CV Section 315.35 (Rev. 3-28-09).

**{¶14}** In the case at bar, the trial court found that appellant's rental property had been completely destroyed and not susceptible to repair.  Thus, we believe the trial court correctly determined to apply the measure of damages for permanently or irreparably injured real estate, which is "the difference in the market value of the property as a whole, including the improvements thereon, before and after the injury."  *Ohio Collieries Co.*, 107 Ohio St. at 248.  Appellant nevertheless asserts that the trial court should have looked to *Adcock v. Rollins Protective Services Co.*, 1 Ohio App.3d 160, 161, 440 N.E.2d 548 (1st Dist.1981), and determined that the diminution-in-value rule stated in *Collieries* failed to

sufficiently compensate appellant for the total loss of its

rental property.  In *Adcock*, the court held:

> In an action for temporary damages to a building that the owner does not plan to sell but intends to use as his home in accordance with his personal tastes and wishes, when restoration is practical and reasonable, the owner is entitled to be compensated fairly and reasonably for his loss even though the market value of the building may not have been substantially decreased by the tort.  The owner may recover as damages the fair cost of restoring his home to a reasonable approximation of its former condition, and his failure to prove the difference between the value of the whole property just before the damage was done and immediately thereafter is not fatal to the owner's lawsuit. The diminution in overall value is relevant to the issue of damages, and evidence about such diminution, whether presented by the plaintiff or the defendant, may be taken into consideration in assessing the reasonableness of damages.

*Id.* at 549-50.  However, these rules, as stated in *Adcock*, are

inapplicable to the facts in the case at bar.  First, unlike the

temporary damage in *Adcock*, the case at bar involves a permanent

injury.  Second, appellant's property was a rental property, not

a personal residence as in *Adcock*.  Third, in *Adcock* the

plaintiff's personal residence was capable of restoration.  In

the case sub judice, by contrast, restoring the rental property

is not practical and reasonable for the simple fact that the

building had been condemned and demolished.  Additionally,

constructing a new building is vastly different than "restoring"

a "home to a reasonable approximation of its former condition."

*Id.* at 549. Furthermore, had the trial court awarded appellant damages to construct a new building, the court would have placed appellant in a better position than it would have been absent appellee's negligence. As we noted earlier, although one of the goals of damages is to make a party whole, another goal is to ensure that a party is not overcompensated. In this case, to award appellant $101,262.47 to construct a new rental property would result in a windfall, i.e., $55,778.47 more than the market value of the property immediately before the accident. We therefore do not agree with appellant that the trial court applied an incorrect measure of damage for the permanent injury to its rental property.

**{¶15}** Appellant further contends that the trial court should have awarded it the profit for lost rent from the date of the accident through the date of trial. We recognize that when a landowner suffers temporary injury to real property, courts have allowed the landowner to recover damages for "the loss of the use of the property between the time of the injury and the restoration." *Athens Co. Regional Planning Comm. v. Simms*, 4th Dist. Athens No. 05CA15, 2006-Ohio-2342, ¶ 18 (citations omitted). However, as we previously pointed out, appellant's property suffered a permanent injury, not temporary. This rule, therefore, does not apply to the facts in the case sub judice.

{¶16} In sum, we agree with the trial court's conclusion that the proper measure of damages is the difference between the market value of the property immediately before and after the accident.  Consequently, we disagree with appellant that the trial court did not apply the correct measure of damages.

{¶17} Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

EDELSTEIN, J., concurring.

{¶ 18} I concur with the majority in finding the fair market value of the rental property is one appropriate measure of compensatory damages, but I write separately to address its application of *Ohio Collieries Co. v. Cocke*, 107 Ohio St. 238 (1923) to exclude consideration of lost rental income.

{¶ 19} The majority applies binding Supreme Court of Ohio precedent to endorse the trial court's decision to limit the damages award to the difference in the fair market value of the property immediately before and after the accident. While this measure accounts for the standalone value of the real property, it fails to consider the lost revenue from the residential lease. Thus, despite receiving the fair market value for the property, the appellants have not been restored to their original position—the general rule that "in a tort action, the measure of damages is that which will compensate and make the plaintiff whole." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 11.

{¶ 20} The long-espoused rule from *Ohio Collieries* originates in the belief that a plaintiff, entitled to the cost of restoration if damage is temporary and repair is possible, should also be compensated for their loss of use until the

property is restored. *See Case Leasing & Rental, Inc. v. Ohio Dept. of Natural Resources*, 10th Dist. No. 09AP-498, 2009-Ohio-6573, ¶ 41 ("As discussed in *Ohio Collieries*, the measure of damages for a repairable injury is the reasonable cost to repair, plus reasonable compensation for the loss of the use of the property between the time of the injury and the restoration."). If the property is being rented, this loss of use translates to a loss of rental income during that period.

{¶ 21} This distinction between permanent and temporary injury to property is premised on a legal fiction that ignores the "loss of use" to the plaintiff between the time of permanent injury to the property and the eventual receipt of fair market value compensation. While no restoration period is specifically contemplated, it is hard to imagine any scenario where the time between the actual injury and receipt of the compensatory award is de minimis.[3] As such, I believe the longstanding measure of compensatory damages for permanent injury to real property fails to make plaintiffs whole.

---

[3] For example, even if a plaintiff were to receive an insurance payout for the fair market value of their property within weeks of its destruction, purchase a replacement property shortly thereafter, *and* find a tenant for the property shortly after that, he would sustain an additional financial injury of at least a few months of rental income.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

    Hess, J.: Concurs in Judgment & Opinion
    *Edelstein, J.: Concurs with Concurring Opinion

                              For the Court

    BY:_____
                              Peter B. Abele, Judge

    *Judge Carly M. Edelstein, Tenth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.


NOTICE TO COUNSEL

    Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.