OPINION
{¶ 1} Adam J. Navedo appeals from the judgment of the Lake County Court of Common Pleas, denying his motion for jail time credit. We affirm in part, reverse in part, and remand this matter.
 {¶ 2} March 15, 2006, Mr. Navedo was arrested by the Willoughby Hills Police Department for various alleged drug-related offenses, and housed in the Lake County *Page 2 
Jail. March 20, 2006, he was released on bond. March 22, 2006, he was bound over to the Lake County Grand Jury.
 {¶ 3} May 25, 2006, Mr. Navedo was incarcerated for various drug-related offenses in an unrelated Cuyahoga County case.
 {¶ 4} July 3, 2006, an indictment in two counts by the Lake County Grand Jury was filed against Mr. Navedo: Count 1, possession of cocaine in violation of R.C. 2925.11, a second degree felony; and, Count 2, trafficking in cocaine in violation of R.C. 2925.03(A)(2), also a second degree felony. July 20, 2006, Mr. Navedo was transferred from the Lorain Correctional Institution to the Lake County Jail. July 21, 2006, he waived his right to be present at his arraignment on the Lake County charges, and the trial court entered pleas of "not guilty" on his behalf to those charges. July 26, 2006, he was returned to the correctional institution.
 {¶ 5} September 20, 2006, the trial court filed an order, commanding the Lake County Clerk of Courts to issue a warrant to the sheriff to convey Mr. Navedo from the Belmont Correctional Institution to the Lake County Jail for trial hearing.
 {¶ 6} September 27, 2006, Mr. Navedo entered a written plea of "guilty" to possession of cocaine, in violation of R.C. 2925.11, a third degree felony, a lesser included offense to Count 1 of the indictment. Upon application of the state, the trial court nolled the other charges, and set the matter for sentencing hearing November 20, 2006.
 {¶ 7} Sentencing hearing went forward the date scheduled. By a judgment entry filed November 28, 2006, the trial court imposed a prison term of two years upon *Page 3 
Mr. Navedo, to be served concurrently with his Cuyahoga County sentence. In its judgment, the trial court stated Mr. Navedo would receive no jail time credit.
 {¶ 8} January 30, 2007, Mr. Navedo moved the trial court for one hundred twenty-three days of jail time credit, for time spent from service of his indictment, to his sentencing. Also on January 30, 2007, the state filed its opposition, stating that Mr. Navedo was already incarcerated at the time his Lake County case commenced, and thus, not entitled to jail time credit. February 20, 2007, the trial court filed its judgment entry denying Mr. Navedo's motion, for the reasons cited by the state.
 {¶ 9} March 8, 2007, Mr. Navedo appealed from the denial of his motion, that appeal being denominated Case No. 2007-L-043.
 {¶ 10} April 30, 2007, Mr. Navedo once again moved the trial court for jail time credit, this time requesting sixty days. May 9, 2007, the state filed its opposition. May 18, 2007, the trial court again denied the motion.
 {¶ 11} In the meantime, this court dismissed Case No. 2007-L-043, at Mr. Navedo's request.
 {¶ 12} June 12, 2007, Mr. Navedo appealed from the trial court's denial of his second motion for jail time credit, assigning two errors:
 {¶ 13} "[1.] It is plain error to proceed to conviction where jurisdiction over case is unequivocally lacking.
 {¶ 14} "[2.] It is reversible error to fail to credit to sentence imposed that period of predisposition confinement spent in lieu of bail or by order of the court."
 {¶ 15} Under his first assignment of error, Mr. Navedo presents two issues. First, he contends the trial court was without jurisdiction in his case. To support this *Page 4 
proposition, he cites to Sup. R. 39(B)(2), which provides that, if an accused has been bound over to the grand jury, and the grand jury fails to take action within sixty days, the trial court shall dismiss the charges unless the state obtains a continuance for a definite period. Mr. Navedo was bound over to the Lake County Grand Jury in late March 2006; he was not indicted until July 3, 2006. Obviously, this period exceeds sixty days. Second, Mr. Navedo argues the failure of counsel to present this issue to the trial court constituted ineffective assistance.
 {¶ 16} The state counters that case law clearly establishes that the Superintendence Rules are, essentially, housekeeping guidelines for the courts of Ohio, which cannot be used to establish substantive rights by criminal defendants.
 {¶ 17} The state's argument is persuasive. In State v. Kowalski (Mar. 24, 1995), 11th Dist. No. 93-P-0057, 1995 Ohio App. LEXIS 1089, at 16-17, we interpreted former Sup. R. 8(A), predecessor to present Sup. R. 39(B)(2):
 {¶ 18} "* * * [I]n State v. Singer (1977), 50 Ohio St.2d 103, 110, * * * the court held `the Rules of Superintendence are not designed to alter basic substantive rights of criminal defendants.' The Superintendence Rules are guidelines for judges only and cannot be used by criminal defendants as a ground for discharge,' State v. Porter (1976),49 Ohio App.2d 227, 230, * * *, as `they are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants.' State v. Gettys (1976),49 Ohio App.2d 241, 243, * * *." (Parallel citations omitted.) *Page 5 
 {¶ 19} Consequently, the trial court had jurisdiction in this case, despite the failure by the state to comply with Sup. R. 39(B)(2). Ineffective assistance of counsel manifestly does not arise when counsel does not pursue a fruitless argument.
 {¶ 20} The first assignment of error lacks merit.
 {¶ 21} By his second assignment of error, Mr. Navedo asserts he is entitled to jail time credit in the amount of seventy-four days: six (evidently) for the period between his arrest March 15, 2006, and release on bond March 20, 2006; the remainder, for various periods spent in the custody of the Lake County Sheriff in the summer and autumn of 2006, prior to his November 20, 2006 sentencing.
 {¶ 22} The state concedes Mr. Navedo is entitled to the six days from March 2006 he spent in custody prior to bonding out. Otherwise, it points to the fact that he was imprisoned May 25, 2006, on the Cuyahoga County charges against him, and argues he is not entitled to jail time credit for periods in which he was already incarcerated. Cf. State v.Ashley, 11th Dist. No. 2006-L-134, 2007-Ohio-690, at ¶ 31-33.
 {¶ 23} The state is correct in its contention that Mr. Navedo is not entitled to jail time credit for any period he spent in the Lake County Jail, once he had commenced serving his term of imprisonment on the Cuyahoga County case. Ashley at ¶ 31-33. But, as the state concedes, Mr. Navedo should receive credit for the six days he spent in jail in March 2006, from the time of his arrest until he bonded out. In its judgment entries denying Mr. Navedo jail time credit, the trial court stated it was doing so for the reasons advanced by the state in opposition to Mr. Navedo's motions. The state's briefs in opposition merely referenced the fact that, after May 25, 2006, Mr. Navedo was *Page 6 
already imprisoned on the Cuyahoga County charges: they do not address the March 2006 period between his arrest and bonding out.
 {¶ 24} When the record before an appellate court fails to disclose any basis for a trial court's decision regarding jail time credit, the remedy is to remand the matter to the trial court, for a calculation of jail time credit, and factual findings regarding that calculation.State v. Sodders (Aug. 6, 1999), 2d Dist. No. 98 CA 35, 1999 Ohio App. LEXIS 3634, at 1-2; accord, State v. Newport, 2d Dist. No. 2006 CA 49,2007-Ohio-1678, at ¶ 7. As the record fails to disclose any basis for the trial court's denial of six days jail time credit to Mr. Navedo, we must reverse and remand for a calculation, and factual findings.
 {¶ 25} The second assignment of error has merit, to the extent indicated.
 {¶ 26} The judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion.
 {¶ 27} The court finds there were reasonable grounds for this appeal.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concurs. *Page 1