[Cite as *State v. Burnette*, 2011-Ohio-6400.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   09 CO 44 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| KELLY BURNETTE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 08CR380.


JUDGMENT:                        Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:           Attorney Robert Herron
                                  Prosecuting Attorney
                                  Attorney Tammie Jones
                                  Assistant Prosecuting Attorney
                                  105 South Market Street
                                  Lisbon, Ohio  44432



For Defendant-Appellant:          Attorney Douglas King
                                  91 West Taggart Street
                                  P.O. Box 85
                                  East Palestine, Ohio  44413



JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                  Dated:  December 5, 2011

VUKOVICH, J.

¶{1} Defendant-appellant Kelly Burnette appeals from his possession of cocaine conviction entered in the Columbiana County Court of Common Pleas after his no contest plea. Initially, he claims that the trial court lacked jurisdiction because he was not indicted within sixty days of being bound over. However, Rules of Superintendence are not jurisdictional.

¶{2} Appellant then raises various suppression arguments. As appellant points out, the state failed to establish at the suppression hearing that there was reasonable suspicion to stop the vehicle in which he was a passenger. The question then is whether appellant's suppression motion invoked the state's burden to outline the reason for the stop at the suppression hearing. We conclude that the motion sufficiently expressed concern with the reason for the stop and detention.

¶{3} As such, this argument has merit, and the remaining suppression arguments are moot. The judgment of the trial court is hereby reversed, and this case is remanded.

STATEMENT OF THE CASE

¶{4} On December 14, 2008 at 2:45 a.m., a state trooper stopped a vehicle in Negley, Ohio. Appellant was the front seat passenger. The trooper detected a strong smell of alcohol and burnt marijuana. The driver performed poorly on field sobriety tests and was arrested for OVI. Meanwhile, appellant was making furtive movements and was asked to exit the vehicle. He appeared intoxicated and had a beer can sticking out of his pocket. A decision was made to tow the vehicle and to transport appellant to the post where he could arrange for transportation.

¶{5} The trooper thus conducted a pat-down search of appellant for weapons. Through the front pocket of appellant's pants, the trooper felt a tin mint box that measured three inches in length. Because he believed there was a possibility that it contained drugs, he removed it from the pocket. The tin, which was without a lid, contained a small red straw and white powder. The officer then conducted a full search and, deeper in that same pocket, found a folded piece of paper containing .42 grams of cocaine.

¶{6} Appellant was charged with drug possession in violation of R.C. 2925.11(A), a fifth degree felony. Appellant filed a motion to suppress, setting forth law on investigative stops and reasonable suspicion. The matter was heard, and the court denied the motion in a July 28, 2009 entry. Thereafter, appellant pled no contest to the charge. On November 30, 2009, the court sentenced appellant to eight months in prison and suspended his operator's license for six months.

¶{7} Appellant filed a timely appeal, and counsel was appointed. On April 15, 2010, counsel sought to withdraw and filed a no merit brief. This court filed a partial opinion and judgment entry addressing various proposed issues outlined in the no merit brief and its attachments. *State v. Burnette*, 7th Dist. No. 09CO44, 2010-Ohio-6581. We upheld the decision to frisk appellant before transporting him to the post in the cruiser and found that counsel was not required to brief that issue. Id. at ¶25-30. We then found that it would not have been frivolous to present a full brief on the issue of whether an officer can remove a mint tin from a pocket merely because he was taught that people often store their drugs in such tins. Id. at ¶34-35. Thus, we allowed counsel to withdraw and appointed new counsel to brief that particular issue. Id. at ¶2, 35.

¶{8} On May 6, 2011, new counsel asked for instanter permission to submit other assignments of error and filed a brief. We granted permission and accepted the brief containing four assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE

¶{9} Appellant's first assignment of error alleges:

¶{10} "THE TRIAL COURT LOST JURISDICTION OVER THE DEFENDANT/APPELLANT AND THE CRIMINAL CASE BECAUSE THE TRIAL COURT VIOLATED OHIO RULE OF SUPERINTENDENCE 39(B)(2)."

¶{11} Appellant argues that the trial court had no subject matter jurisdiction to convict and sentence him because it violated Superintendence Rule 39(B)(2), which provides:

¶{12} "When an accused has been bound over to a grand jury and no final action is taken by the grand jury within sixty days after the date of the bindover, the court or the administrative judge of the court shall dismiss the charge unless for good

cause shown the prosecuting attorney is granted a continuance for a definite period of time."

¶{13} However, the Rules of Superintendence do not alter the basic substantive rights of a criminal defendant. *State v. Singer* (1977), 50 Ohio St.2d 103, 110 (speedy trial statute is not affected by Superintendence Rule that gives a court six months to try a criminal case; defendant cannot use this rule to say his rights were violated). It is well-established that the Rules of Superintendence are merely internal housekeeping guidelines for Ohio judges in running their courts, and thus, the failure to comply with Sup.R. 39(B)(2) does not provide a defendant the right to have his case dismissed. *State v. Navedo*, 11th Dist. No. 2007-L-094, 2008-Ohio-2324, ¶16-18 (specifying that the trial court does not lose jurisdiction by the failure to indict within sixty days); *State v. Perry*, 4th Dist. No. 05CA2839, 2006-Ohio-220; ¶14-15 (adding that this rule is not mandatory and there was no prejudice as state could have simply refiled the charges); *Sherrod v. McFaul*, 8th Dist. No. 87264, 2005-Ohio-6347, ¶1-3 (no jurisdictional issues where indictment is filed after sixty-day time period); *State v. Miller* (Aug. 22, 1997), 11th Dist. No. 96-P-0253; *State v. Parker* (Feb. 5, 1997), 9th Dist. No. 17871; *State v. Reece* (Mar. 14, 1994), 3d Dist. No. 9-93-34; *State v. Hodge* (Mar. 29, 1990), 10th Dist. No. 89AP-1024 (rule is not self-executing as court can grant continuance of indictment date if defendant seeks dismissal for a violation of a Rule of Superintendence); *State v. Kemp* (Feb. 13, 1990), 7th Dist. No. 89CA43.

¶{14} In accordance, the failure to indict within sixty days of bindover does not divest the trial court of jurisdiction. This assignment of error is thus overruled.

ASSIGNMENT OF ERROR NUMBER TWO

¶{15} Appellant's second assignment of error provides:

¶{16} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO FIND THE INITIAL INTRUSION UNCONSTITUTIONAL."

¶{17} A passenger in a vehicle has the right to challenge whether there was reasonable suspicion to stop a vehicle. *Brendlin v. California* (2007), 551 U.S. 249, 259. In answering the question of whether a reasonable person in a passenger's position when a car is stopped would have believed himself to be seized, the Court announced that a traffic stop necessarily curtails the travel of a passenger as much as

it halts the driver and that a passenger would expect that an officer would object to him leaving the car and walking away. Id. at 256-257.

¶{18} The state claims that a police report regarding the traffic stop is in the record. However, we have found no police report from the driver's stop or appellant's arrest in the file. Even if it were in the file, it would not be part of the record on appeal regarding the suppression issue unless it had been admitted at the suppression hearing. But, there is no indication that any police reports were mentioned, let alone introduced, at the suppression hearing.

¶{19} The state also claims that the reason for the stop was clear from the officer's testimony at the December 22, 2008 preliminary hearing before the municipal court prior to bindover. The state believes that the transcript of said hearing is in the record of this case. However, there are several problems with this argument.

¶{20} First, there is no indication that the preliminary hearing was ever transcribed. The first entry in the common pleas court's docket, stating that the "transcript" from the municipal court was filed on December 23, 2008 (the day after the preliminary hearing), is a reference to the case itself (the transcript of the docket and judgment entries) being transferred. This terminology is distinguishable from a "transcript of proceedings," which contains transcribed testimony from a hearing. Next, we note that there is a docket entry stating that the videotape used as evidence at the municipal court's preliminary hearing was filed in the common pleas court. However, neither a transcript of proceedings from the preliminary hearing nor a videotape was mentioned or admitted at the suppression hearing.

¶{21} Thus, the state cannot now rely on this information on appeal. See, e.g., *In re D.F.*, 7th Dist. No. 10NO374, 2010-Ohio-1004, ¶77-78, 81 (even where hearings occur back-to-back, court at trial phase and appellate court reviewing conviction cannot rely on evidence from suppression hearing that occurred minutes before trial). Rather, we are bound by the evidence presented to the trial court *at the suppression hearing*. *State v. Burnette*, 7th Dist. No. 09CO44, 2010-Ohio-6581, ¶17.

¶{22} Here, the only testimony presented at the suppression hearing regarding the stop of the vehicle was that it was 2:45 a.m. when the trooper was following the vehicle south on Route 170. (Tr. 9, 19). The vehicle turned right at a stop sign onto

Route 154.  The trooper initiated a stop, and the vehicle pulled into a parking lot.  (Tr. 19).

¶{23} There was absolutely no testimony presented as to why the trooper initiated the stop; whether the vehicle was speeding, weaving, failed to make a complete stop, or lacked a taillight, we do not know.  Thus, the state presented insufficient evidence that there was reasonable suspicion for the stop of the vehicle.

¶{24} The state is the party with the burden to demonstrate in the case of warrantless police stops that the police officer had reasonable suspicion for the stop. *Terry v. Ohio* (1968), 392 U.S. 1, 21; *Maumee v. Weisner* (1999), 87 Ohio St.3d 295, 297.  The only question remaining here is whether the defendant's motion to suppress sufficiently invoked the state's burden on this issue.

¶{25} Pursuant to Crim.R. 47, a motion shall state with particularity the grounds upon which the motion is made and shall set forth the relief sought.  Thus, the state's burden is not invoked unless the defendant's suppression motion provides the state with notice of the factual and legal grounds which allegedly make the warrantless search and seizure invalid.  *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218-220.  See, also, *State v. Shindler*, (1994), 70 Ohio St.3d 54, 56-57 (defendant "must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided.").

¶{26} The motion to suppress here asked for suppression of any physical evidence seized as a result of an illegal search and seizure and of any other items obtained during or following the unlawful arrest, search, seizure, and investigation of appellant.  The motion then set forth three pages of law on when an investigative stop is proper and what is reasonable suspicion.  The motion talked about how a detention for an otherwise proper stop could turn improper if the original suspicion dissipates unless new reasonable suspicion arises during the original detention.  This may have led the state to believe that he was not contesting the stop of the vehicle but was contesting his detention after the driver was arrested.  However, alternative arguments do not relieve the state of its burden on one of the arguments if the other fails.  Plus, the motion concluded with law on the constitutional reasonableness of a *traffic stop*.

¶{27} We conclude that the motion filed in this case was sufficient to invoke the state's burden to present evidence on the reason for the initial stop at the suppression hearing. As such, this assignment of error has merit. Appellant's last two assignments of error,[1] alleging alternative reasons that his suppression motion should have been granted, are moot.

¶{28} For the foregoing reasons, the judgment of the trial court denying appellant's motion to suppress is hereby reversed, and the case is remanded for suppression of the evidence and disposal of the case by the state.

Waite, P.J., concurs.
DeGenaro, J., concurs.

---

[1]"THE TRIAL COURT ERRED IN OVERRULING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS AS THE COCAINE AND OTHER CONTRABAND WERE THE FRUIT OF AN UNCONSTITUTIONAL SEARCH AND SEIZURE AND THEREFORE MUST BE SUPPRESSED."
"THE TRIAL COURT'S RULING ON THE DEFENDANT/APPELLANT'S MOTION TO SUPPRESS MUST BE REVERSED BECAUSE THE COURT APPLIED THE WRONG STANDARD."